# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| SwissWatchExpo, Inc., ) | |
| ) | Civil Action No.:_____ |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT AND** |
| ) | **JURY TRIAL DEMAND** |
| IceBox Atlanta LLC ) | |
| d/b/a/ swisswatches.com, ) | |
| ) | |
| Defendant. ) | |

Plaintiff SwissWatchExpo, Inc. ("Plaintiff" or "SWE"), for its Complaint against Defendant IceBox Atlanta LLC d/b/a/ swisswatches.com ("Defendant" or "swisswatches.com" or "IceBox"), states and alleges as follows:

## INTRODUCTION

1. Plaintiff SWE is an Atlanta-based luxury pre-owned watch retailer. For over fifteen years, SWE has offered retail services in the pre-owned, luxury Swiss watches market under the SWISSWATCHEXPO and SWISSWATCHEXPO.COM marks ("the SWISSWATCHEXPO Marks"). It has attained the status of one of the largest buyers and sellers of truly authentic pre-owned luxury watches in North America.

2.     Plaintiff has advertised and promoted its SWISSWATCHEXPO Marks extensively, developing widespread goodwill and recognition with its local and national customers. As a result, Plaintiff's SWISSWATCHEXPO Marks are entitled to a broad scope of protection against unpermitted third-party use or registration.

3.     Defendant knows about SWE and the SWISSWATCHEXPO Marks. Plaintiff has been in business since 2009. Defendant, on the other hand, has operated a jewelry store under the name ICEBOX for years. Both parties operate out of the Buckhead neighborhood in Atlanta, Georgia. Defendant and Plaintiff have been in friendly and professional competition for years. Defendant, knowing Plaintiff and its SWISSWATCHEXPO business well, decided to start selling pre-owned watches online under the mark SWISSWATCHES.COM online and at retail.

4.     To state the obvious, Defendant's pre-owned watch sale services are not Plaintiff's services nor are they associated with Plaintiff in any way. Consumers would not, however, know that based on Defendant's use of its confusingly similar trademarks and logos. Defendant's unfair activities—confusing to consumers and harmful to Plaintiff—must be stopped.

## THE PARTIES

5.     Plaintiff is a Georgia corporation with a principal place of business at 315 East Paces Ferry Rd NE, Atlanta, GA, 30305, USA.

6.    On information and belief, Defendant IceBox Atlanta LLC is a Georgia corporation with its principal place of business at 3255 Peachtree Road NE, Suite 2, Atlanta, GA, 30305, USA.

## JURISDICTION

7.    This is an action for trademark infringement and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114, 1125(a) and trademark infringement and unfair competition under the common law of the State of Georgia. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 as well as supplemental jurisdiction under 28 U.S.C. § 1367.

8.    This Court has personal jurisdiction over Defendant under O.C.G. § 9-10-93 and the Due Process Clause of the Constitution of the United States.  First, Defendant is registered in and transacts business within the State. Second, personal jurisdiction over Defendant is also proper because, through offering services under the infringing trademarks and logos, it has engaged in a tortious act—trademark infringement—within the State of Georgia.

9.    Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(1)-(2).  Defendant promotes, offers, and sells its services under the infringing trademarks and logos to consumers in this District. Specifically, Defendant offers pre-owned luxury watches for sale under the mark

SWISSWATCHES.COM. Plaintiff has suffered injury in this District as a result of Defendant's acts of trademark infringement, false designation of origin, and unfair competition.

## BACKGROUND

*Plaintiff's Distinctive Trademarks*

10.    Plaintiff sells its world-renowned pre-owned luxury watches under the SWISSWATCHEXPO and SWISSWATCHEXPO.COM trademarks and related logo designations and has done so in the United States since at least as early as 2009. An example of these marks as they appear on Plaintiff's website is set forth below:



11.    Plaintiff is the owner of the following registered United States trademark registration for the SWISSWATCHEXPO mark for use in connection with luxury watch retail services:

| Mark/Name/ RN/SN | Full Goods/Services | Status/Key Dates | Owner Information |
|---|---|---|---|
| SWISSWATCH EXPO Registration No. 6352395 | Retail store services featuring watches made in Switzerland; On-line retail store services featuring watches made in Switzerland | First Use: June 7, 2010 Filed: July 30, 2020 Registered: May 18, 2021 Register Type: Principal Register | SwissWatchExpo, Inc. 3170 Peachtree Rd NE, Atlanta, GA 30305 United States of America |

Attached hereto as Exhibit A, find registration certificates for the marks set forth above.

12.    U.S. Registration No. 6,352,395 is conclusive evidence of the validity of Plaintiff's ownership of, and Plaintiff's exclusive right to use, the claimed trademarks or any confusingly similar variation thereof in connection with the associated goods and services and those goods and services in the natural zone of expansion therefor.

13.    Since at least as early as 2009, Plaintiff has advertised and promoted its SWISSWATCHEXPO mark and used the SWISSWATCHEXPO.COM domain name extensively, including online and via social media.  Plaintiff has spent tens of

millions of dollars on advertising and promotion. Plaintiff has made millions of dollars of sales under the SWISSWATCHEXPO Marks.

14.    The result of these activities is that the SWISSWATCHEXPO marks have achieved widespread consumer recognition, making them strong marks entitled to broad protection against third party infringement.

15.    In addition to and in light of the above-described advertising and promotion, the SWISSWATCHEXPO Marks have gained such widespread consumer recognition and secondary meaning that they have acquired distinctiveness. Consumers have come to know, rely upon, and recognize the SWISSWATCHEXPO Marks as the identifying indicia of Plaintiff and its goods.

16.    Reputation and trustworthiness in Plaintiff's industry is critical. Most of Plaintiff's sales of pre-owned luxury watches are online. This market is rife with counterfeiting, with an estimated 40 million fake watches sold every year. Customers spend significant sums of money on pre-owned luxury watches. For these reasons, success in selling luxury watches online hinges on a reputation that can only be earned from years upon years of consistency. Even one fake watch sold has the power to destroy the credibility that Plaintiff has spent so long cultivating. Customer trust in this market is hard to gain and easily lost.

17.    For that reason, Plaintiff devotes significant resources to establishing and maintaining itself as a reputable source for pre-owned luxury watches. For

example, Plaintiff employs a team of fulltime employees dedicated to the authentication and refurbishment of its watches. Every watch sold is fully inspected, authenticated, and serviced by expert watchmakers in Plaintiff's state-of-the-art watch atelier before they are listed for sale. Whether it's a vintage watch or a current production piece, Plaintiff's expert watchmakers and refinishing team work tirelessly on each watch to get it as close to new condition as possible. Plaintiff also employs an exceptional sales team that is immensely knowledgeable regarding the marketplace and the products Plaintiff sells. Plaintiff conducts business under the ethos that it is not just selling a watch, but also a sense of trust and dependability.

18.    Based on this hard work and Plaintiff's marketing and promotion, Plaintiff has obtained national attention and won the trust and loyalty of customers located all over the country. Notable examples of recognition of Plaintiff's excellence are attached for your reference as Exhibit B, including coverage as a trusted luxury pre-owned watch retailer in prestigious publications such as Bloomberg and Forbes.

19.    Moreover, over 500,000 unique individuals visit the website swisswatchexpo.com every month. Plaintiff has over 50,000 followers on both Instagram and Youtube and over 20,000 followers on FaceBook.

20.    As a result of substantial promotional, advertising, publicity, and public relations activities, the SWISSWATCHEXPO Marks have acquired substantial

goodwill and are extremely valuable commercial assets. In short, Plaintiff has a lot to lose should another company try to ride on its coattails and piggy back on its trademarks.

_Defendant's Confusingly Similar Trademarks_

21.    Defendant operates both online and physically in the same neighborhood as Plaintiff in Atlanta, Georgia. Defendant began operations as a jewelry store years ago under the brand ICEBOX.  On information and belief, Defendant sold pre-owned watches at its IceBox branded jewelry store in Atlanta, Georgia. Defendant and Plaintiff have known each other personally for years as each operate in the jewelry market in Atlanta. The competition between the parties was consistently friendly and professional.

22.    However, in mid-2024, Defendant decided it wanted to start selling pre-owned watches online—just like Plaintiff. Defendant informed Plaintiff of this decision at a dinner in April 2024, but told Plaintiff that Defendant would operate under the ICEBOX name. Plaintiff wished Defendant luck and looked forward to continuing professional and friendly competition.

23.    On information and belief, Defendant changed its mind (or simply did not tell Plaintiff the truth), and in May of 2024, Plaintiff began selling pre-owned watches online and at retail under the mark SWISSWATCHES.COM (Defendant's "SWISSWATCHES.COM mark" or "Infringing Mark"). An example of these marks

as they appear on Defendant's website and upon information and belief in its Atlanta

store is set forth below:





24.    Even the shorthand logo chosen by Defendant that appears on an internet search closely resembles Plaintiff's shorthand logo, with only slight deviations in font, color, and the addition of a checkmark.



25.    On information and belief, the website swisswatches.com is intended to also help drive collateral sales of the ICEBOX jewelry offerings.

26.    Plaintiff objected to Defendant's use immediately via text message exchanges. Defendant refused to change its name. Plaintiff hoped customers would not be confused. However, very shortly after adoption, Plaintiff began to see the harmful effects of Defendant's use of a copycat name.

27.    For example, Plaintiff began receiving customer feedback and complaints about orders that Plaintiff did not make.  Representative examples of this confusion are attached hereto as Exhibit C. On information and belief, Plaintiff believes these orders could have been made with swisswatches.com and that these unsatisfied customers are confused about which entity sold them the watches due to

the deceptively similar name and proximity. Such confusion severely tarnishes Plaintiff's reputation and threatens the vitality of its entire business.

28.    Recently, Defendant was featured on the cover of the Best of Atlanta magazine. Exhibit D. Several of Plaintiff's customers contacted Plaintiff, congratulating Plaintiff on the cover promotion. On information and belief, these customers believed Defendant's company was Plaintiff. For example, one local individual who has known of Plaintiff for years and is familiar with the business was confused. See Exhibit E. Another individual who has consulted with Plaintiff, has worked with Plaintiff on its recruiting efforts and has even been to Plaintiff's showroom, likewise experienced confusion when encountering the swisswatches.com mark on the magazine cover. See Exhibit F.

29.    On information and belief, this evidence of confusion is just the tip of the iceberg because the parties' marks are confusingly similar. The SWISSWATCHES.COM mark is nearly identical in sight, sound, and meaning to the SWISSWATCHEXPO and SWISSWATCHEXPO.COM marks owned by Plaintiff. Based on consumers' general rather than specific memory of brand identifiers, they are likely to view and recall these marks as indistinguishable, especially in light of the fact that both parties are based in Atlanta, one mile apart.

30.    On information and belief, Defendant is essentially "jumping the line" by picking a mark that is already well known in the industry. Online watch sellers

must work hard for years, if not decades, to gain industry trust to sell high quality, real merchandise. Plaintiff put in the time, millions of dollars on marketing and branding, and hard work to gain the reputation that customers trust to make that intimidating and large purchase. Defendant is riding on SWE's coattails and decimating Plaintiff's long-built reputation in the process. The reputational harm from Defendant's use of the same mark is devastating and far exceeds the value of the sales that Plaintiff has already lost to Defendant.

31. Defendant's use of the SWISSWATCHES.COM mark constitutes false designation of origin, trademark infringement, and unfair competition, as such use is likely to confuse the relevant consuming public into believing the goods and services being offered under the SWISSWATCHES.COM mark are the same as, offered by, affiliated with, sponsored by, or otherwise associated with Plaintiff. This is particularly true given the market context in which consumers are viewing the parties' logo designations and the fact that a purchaser's recollection of design marks is often of a general, rather than specific, nature, such that the marks may be confusingly similar despite any alleged differences between them.

32. Defendant's infringement is willful. There is no question that Defendant is and has been aware of Plaintiff's prior rights. As stated above, Defendant told Plaintiff it was going to sell pre-owned watches under the ICEBOX name and then pivoted to use the infringing SWISSWATCHES.COM mark. On

information and belief, the ICEBOX brand has its own reputation. On information and belief, the only reason Defendant chose SWISSWATCHES.COM is to piggyback on Plaintiff's renown to enter the market quickly and steal sales. This is willful infringement with an intent to steal market share.

33.    Defendant has had actual notice of Plaintiff's rights in its SWISSWATCHEXPO and SWISSWATCHEXPO.COM marks and the likelihood of confusion created by its use of the SWISSWATCHES.COM mark since before SWISSWATCHES.COM began.

34.    Defendant's use of the SWISSWATCHES.COM mark and sale of goods and services under the same has been and is willful and in reckless disregard of Plaintiff's rights.

35.    On information and belief, Defendant is deriving and will continue to derive measurable revenue from its goods and services provided under the SWISSWATCHES.COM mark. As a result of Defendant's unauthorized use of trademarks and logo designations that are confusingly similar to the SWISSWATCHEXPO and SWISSWATCHEXPO.COM marks, Defendant is being unjustly enriched at Plaintiff's expense.

36.    The likely confusion caused by Defendant's use of the infringing SWISSWATCHES.COM mark has and will continue to harm Plaintiff. Specifically, Plaintiff has developed a reputation for providing high-quality luxury watch retail

services under the SWISSWATCHEXPO and SWISSWATCHEXPO.COM marks. Due to the confusingly similar nature of the SWISSWATCHES.COM mark, consumers are likely to wrongly associate Plaintiff and its goods and services with the Defendant and its goods and services which may not be of the same quality as Plaintiff's goods and services offered under its SWISSWATCHEXPO and SWISSWATCHEXPO.COM marks.

37.    Moreover, through its unauthorized use of trademarks and logos that are confusingly similar to the SWISSWATCHEXPO and SWISSWATCHEXPO.COM marks, Defendant (a) has traded upon and threatens to further trade upon the significant and valuable goodwill in Plaintiff's SWISSWATCHEXPO and SWISSWATCHEXPO.COM marks; (b) is likely to cause public confusion as to the source, sponsorship, or affiliation of Defendant's goods and services vis-à-vis Plaintiff and its brand; (c) has damaged and threatens to further damage Plaintiff's significant and valuable goodwill in its SWISSWATCHEXPO and SWISSWATCHEXPO.COM marks; (d) has injured and threatens to further injure Plaintiff's right to use its SWISSWATCHEXPO and SWISSWATCHEXPO.COM marks as the exclusive indicia of origin of Plaintiff's retail services in Georgia and throughout the United States; and (e) has lessened the capacity of Plaintiff's SWISSWATCHEXPO and SWISSWATCHEXPO.COM marks to indicate that its goods and services originate from Plaintiff.

38.    Defendant's continued use of its SWISSWATCHES.COM mark will continue to confuse consumers, erode the goodwill of Plaintiff and its SWISSWATCHEXPO and SWISSWATCHEXPO.COM marks, and harm the business and commercial reputation of Plaintiff.

39.    Unless these infringing acts by Defendant are restrained by this Court, they will cause irreparable injury to Plaintiff and to the public, for which there is no adequate remedy at law.    Defendant should be enjoined from continuing its infringing conduct.

## COUNT I - FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITON (15 U.S.C. § 1125(a))

40.    Plaintiff repeats and re-alleges paragraphs 1-39 above.

41.    Defendant's promotion, use, and sale of its goods and services under its SWISSWATCHES.COM mark, which are confusingly similar to Plaintiff's SWISSWATCHEXPO and SWISSWATCHEXPO.COM marks and which are used in connection with the promotion and sale of goods and services identical to and related to the goods and services of Plaintiff, is likely to cause confusion, to cause mistake, or to deceive as to the source, affiliation, connection, or association of Defendant or its goods and services with Plaintiff or its goods and services, and/or as to the sponsorship or approval of Defendant's goods and services by Plaintiff in violation of 15 U.S.C. § 1125(a).

42.    Defendant was aware of Plaintiff's rights in the SWISSWATCHEXPO and SWISSWATCHEXPO.COM marks and the likely confusion caused by its use of the SWISSWATCHES.COM mark since at least as early as April 2024, and Defendant still chose to adopt its Infringing Mark. Defendant's promotion, use, and sale of goods and services under the SWISSWATCHES.COM mark from at least that date onward is willful and in reckless disregard of Plaintiff's rights.

43.    In addition, upon receiving notice of this Complaint, Defendant's continued actions are willful and in reckless disregard of Plaintiff's rights.

44.    Defendant's acts constitute a false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a).

45.    Plaintiff has been damaged by the actions of Defendant in an amount which is as yet undetermined, and Plaintiff is entitled to actual damages, trebled damages, an accounting of Defendant's profits, and attorneys' fees and costs for Defendant's willful activities pursuant to 15 U.S.C. § 1117.

46.    If the acts of Defendant are allowed to continue, Plaintiff will continue to suffer irreparable injury for which it has no adequate remedy at law.  Plaintiff is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

### COUNT II – FEDERAL TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

47.    Plaintiff repeats and re-alleges paragraphs 1-46 above.

48.    The acts of Defendant complained of herein are likely to cause confusion, mistake, or deception as to origin, sponsorship, approval, or affiliation as between Defendant and its goods and services under the SWISSWATCHES.COM mark on the one hand, and Plaintiff and its goods and services under the SWISSWATCHEXPO and SWISSWATCHEXPO.COM marks, on the other.

49.    Defendant's conduct constitutes federal trademark infringement in violation of 15 U.S.C. § 1114(1).

50.    As a direct and proximate result of Defendant's infringement, Plaintiff has been, is now, and, unless Defendant is enjoined by the Court, will continue to be irreparably harmed and damaged, and Plaintiff has no adequate remedy at law.

51.    By reason of Defendant's bad faith and willful infringement, Plaintiff is entitled to recover actual damages, treble damages, an accounting for Defendant's infringing profits, attorneys' fees, and the costs of this litigation pursuant to 15 U.S.C. § 1117, as well as injunctive relief pursuant to 15 U.S.C. § 1116.

## COUNT III - COMMON LAW UNFAIR COMPETITION

52.    Plaintiff repeats and re-alleges paragraphs 1-51 above.

53.    Plaintiff has common law rights in the SWISSWATCHEXPO and SWISSWATCHEXPO.COM marks in connection with its luxury watch retail goods and services.

54.    The acts of Defendant complained of herein are likely to cause confusion, mistake, or deception as to origin, sponsorship, approval, or affiliation as between Defendant and its goods and services under the SWISSWATCHES.COM marks on the one hand, and Plaintiff and its goods and services under the SWISSWATCHEXPO and SWISSWATCHEXPO.COM marks, on the other.

55.    The above described acts, the resulting likely confusion, and Defendant's appropriation, promotion, and/or use of Plaintiff's SWISSWATCHEXPO and SWISSWATCHEXPO.COM marks to identify and sell its goods and services constitutes unfair competition under the common law of the State of Georgia.

56.    As a direct and proximate result of Defendant's unfair competition, Plaintiff has been, is now, and, unless Defendant is enjoined by the Court, will continue to be irreparably harmed and damaged for which Plaintiff has no adequate remedy at law.

57.    Plaintiff is entitled to actual and enhanced damages as well as injunctive relief.

## COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

58.    Plaintiff repeats and re-alleges paragraphs 1-57 above.

59.    The acts of Defendant complained of herein are likely to cause confusion, mistake, or deception as to origin, sponsorship, approval, or affiliation as

between Defendant and its goods and services under the SWISSWATCHES.COM mark on the one hand, and Plaintiff and its goods and services under the SWISSWATCHEXPO and SWISSWATCHEXPO.COM marks, on the other.

60.    Defendant's conduct constitutes common law trademark infringement.

61.    As a direct and proximate result of Defendant's infringement, Plaintiff has been, is now, and, unless Defendant is enjoined by the Court, will continue to be irreparably harmed and damaged for which Plaintiff has no adequate remedy at law.

62.    Plaintiff is entitled to actual and enhanced damages as well as injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter an Order:

A.    Permanently enjoining and restraining the Defendant and Defendant's managers, members, directors, officers, agents, servants, employees, subsidiaries, affiliates, and all persons in active concert or participation with, through, or under Defendant:

1.    from using in any way the SWISSWATCHES.COM mark or any trademark that is confusingly similar to the SWISSWATCHEXPO and SWISSWATCHEXPO.COM marks in connection with luxury watch retail goods and services;

2.     from committing any acts of unfair competition, from creating a false designation of origin, and from engaging in deceptive trade practices with respect to the SWISSWATCHES.COM mark;

3.     from using in any manner packaging, labels, signs, literature, display cards, apparel, or other packaging, advertising, or promotional materials, or other materials which include the infringing SWISSWATCHES.COM mark, and any other trademark confusingly similar to Plaintiff's SWISSWATCHEXPO and SWISSWATCHEXPO.COM marks;

4.     from making any statements on promotional materials or advertising for Defendant's goods and services which are false or misleading as to source or origin;

5.     from committing any acts of trademark infringement, false designation of origin, deceptive trade practices, or unfair competition calculated to cause members of the trade or purchasing public to believe that Defendant's goods and services are the goods and services of Plaintiff or sponsored by or associated with, or related to, or connected with, or in some way endorsed or promoted by Plaintiff under the supervision or control of Plaintiff.

B.     Requiring that the Defendant destroy any and all packaging, containers, signs, packaging materials, printing plates, apparel, and advertising or promotional

materials and any materials used in the preparation thereof, which in any way use or make reference to the infringing SWISSWATCHES.COM mark or any trademark confusingly similar to the SWISSWATCHEXPO and SWISSWATCHEXPO.COM marks.

C.     Requiring that Defendant transfer to Plaintiff the domain name swisswatches.com.

D.     Requiring that Defendant, within thirty (30) days after service of notice in entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon the Plaintiff's counsel a written report under oath setting forth details of the manner in which they have complied with the Court's order pursuant to paragraphs A - D above.

E.     Awarding Plaintiff profits, actual damages, trebled or enhanced damages, attorneys' fees, and costs pursuant to 15 U.S.C. § 1117 and Georgia common law.

F.     Awarding pre- and post-judgment interest in the highest amount allowable by law.

G.     Awarding Plaintiff such other relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff requests a jury on all issues so triable.


Dated: March 14, 2025          **MERCHANT & GOULD. P.C.**


_____
Jeffrey Blake
191 Peachtree Street, NE, Suite 3800
Atlanta, GA 30303
jblake@merchantgould.com
(404) 954-5040

Heather Kliebenstein (*pro hac vice* application forthcoming)
150 South Fifth Street, Suite 2200
Minneapolis, Minnesota 55402
hkliebenstein@merchantgould.com
(612) 332-9081

*Attorneys for Plaintiff*
*SwissWatchExpo, Inc.*